**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JAMES F. DIAZ,

        Plaintiff,

vs.                                          Case No. 5:10-cv-319-Oc-32JBT

BIG LOTS STORES, INC.,

        Defendant.

## ORDER

This case is before the Court on plaintiff James F. Diaz's Motion to Remand (Doc. 16) and Defendant's Memorandum in Opposition. (Doc. 19.) Diaz contends this case should be remanded because defendant Big Lots Stores, Inc. ("Big Lots") has not established that the amount in controversy meets the requirements for federal diversity jurisdiction.

**I. BACKGROUND**

According to the Complaint, Diaz was injured after falling in a puddle of liquid negligently left in a Big Lots store. (Doc. 2 at 2.) Prior to filing suit, Diaz sent Big Lots a letter offering to settle his claim for $120,000. (Doc. 19 at 17-18.) The letter states that Diaz suffered severe injuries to his head and back as a result of his fall and has been diagnosed with, among other things, spinal disc protrusion. The letter also provides that Diaz has already incurred $21,000 in medical bills, may require periodic treatment for the remainder of his life with an estimated annual cost of $800 to $1,000, and may require surgery at a cost of $55,000 to $60,000. (Id.)

After Big Lots declined Diaz's settlement offer, Diaz filed suit in state court against Big

Lots and Donald Margeson, the manager of the store in question. (Doc. 2 at 2) The Complaint provides that Diaz "has suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition." (Id.) The Complaint also states that "[s]ome or all of the injuries sustained are permanent within a reasonable degree of medical probability." (Id.)

Big Lots thereafter served requests for admissions on Diaz regarding the amount in controversy. (Doc. 19 at 19.) Big Lots asked Diaz to admit that the amount in controversy was less than $75,000 and that he sought to recover less than $75,000 in this lawsuit. With regard to each question, Diaz stated: "Objection, discovery is still ongoing. The Plaintiff may seek more than Seventy-Five Thousand Dollars. Without waiving objection, denied." (Doc. 19 at 23.)

On June 20, 2010, the state court dismissed defendant Margeson from the case, creating complete diversity of citizenship for the first time. Big Lots filed a timely notice of removal on July 15, 2010. (Doc. 1.)

**II. DISCUSSION**

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)." Roe v. Michelin N. Am., 613 F.3d 1058 (11th Cir. 2010). This Court has jurisdiction when the citizenship of the plaintiffs is diverse from that of the defendants and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a). The sufficiency of the

amount in controversy is determined at the time of removal.  <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 751 (11th Cir. 2010).

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir.2001).  "[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal."  <u>Pretka</u>, 608 F.3d at 755.  Because this case was not originally removable due to a lack of diversity, the second paragraph of 28 U.S.C. § 1446(b) governs the procedures for removal.  Under this provision:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).

The parties do not dispute that diversity of citizenship was first created by the state court's June 20, 2010 order dismissing defendant Margeson; instead, Diaz contends only that Big Lots has not met its burden with respect to the amount in controversy.  Big Lots argues that the amount in controversy is established by the language of the complaint, Diaz's pre-suit settlement offer, and Diaz's responses to Big Lots' requests for admissions.

"[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  <u>Roe</u>, 613 F.3d at 1062.  Although not dispositive in this case, the nature of the injuries alleged in the complaint, including potentially permanent disability and disfigurement, provide some

3

evidence that the amount in controversy exceeds the jurisdictional amount.

Diaz's pre-suit settlement offer also provides evidence that the amount in controversy exceeds $75,000.[1]  The evidentiary value of a settlement offer in establishing the amount in controversy depends on the circumstances of the offer.  As the court explained in Jackson v. Select Portfolio Servicing, Inc.,

> Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.  On the other hand, settlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight.

651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quotations omitted); see also, e.g., Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1381 (M.D. Fla. 2009) (holding that a pre-suit demand letter may be used to "supplement" other evidence of the amount in controversy);  Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360 (M.D. Fla. 1998) ("Defendant has not persuaded this Court that Plaintiff's settlement demand was an honest assessment of damages."); Standridge v. Wal-Mart Stores, 945 F. Supp. 252, 256 (N.D. Ga. 1996) (holding

---

[1] Some courts within this district have found that pre-suit demand letters are not "other paper from which it may first be ascertained" that jurisdiction exists under the second paragraph of Section 1446(b).  See, e.g., Saberton v. Sears Roebuck and Co., 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005).  The reasoning of such cases, however, is inapplicable because the pre-suit settlement offer in this case is not being considered as "other paper from which [jurisdiction] may first be ascertained" under the second paragraph of Section 1446(b).  Instead, the state court's order dismissing the manager was the document from which Big Lots could first ascertain that jurisdiction was present.  This Court thus need not address whether pre-suit demand letters constitute "other paper" within the meaning of the second paragraph of Section 1446(b).

that a pre-suit demand letter was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking"). Although Diaz's demand of $120,000 may reflect some posturing, the nature of the injuries and medical expenses described in the demand letter ($21,000 in medical expenses[2] already incurred and projected surgery costs of $55,000 to $60,000) support a conclusion that more than $75,000 is at issue in this case.

Diaz's responses to Big Lots' requests for admissions also provide strong evidence that the amount in controversy requirement has been met. In Devore, this Court held that a "plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy." 658 F. Supp. 2d at 1380 (quotation omitted). Unlike in Devore, however, Diaz did not merely avoid answering Big Lot's request to admit that the amount in the controversy was less than $75,000; instead, Diaz denied the request after stating an objection. Courts have held that answering a discovery request waives any objection thereto. See Mann v. Island Resorts Dev., No. 3:08-cv-297-RS-EMT, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 27, 2009); Horowitch v. Diamond Aircraft Indus., No. 6:06-cv-1703-ORL-19JGG, 2007 WL 1192401, at *2 (M.D. Fla. April 23, 2007). Diaz has thus admitted that he believes the amount in controversy exceeds $75,000.[3]

---

[2] Plaintiff later increased this amount to $31,000 prior to the time of removal.

[3] Even if Diaz's objection is not waived, his discovery responses still admit that the amount in controversy exceeds $75,000. His responses essentially state that although he "may seek more than Seventy-Five Thousand Dollars," he was unsure because "discovery is still ongoing." (Doc. 19 at 23.) In Pretka, the Eleventh Circuit explained:

After considering the allegations of the complaint, Diaz's pre-suit demand letter, and Diaz's discovery responses, this Court finds that Big Lots has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Remand (Doc. 9) is **DENIED**.

The parties' Case Management and Scheduling Order will issue separately.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of November, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

js.
Copies:

counsel of record.

---

> A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later. . . . [T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.

608 F.3d at 751 (internal citations and quotations omitted).  The fact that discovery may unearth evidence that could reduce the damages sought by Diaz in the future is not relevant to the amount in controversy at the time of removal.  Diaz's statement that he may seek more than $75,000 thus constitutes an admission that the amount in controversy requirement has been met.